UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO.  8:13-cr-72-T-23MAP
      8:14-cv-2334-T-23MAP

MICHAEL FRANCIS DiFALCO
_____/

**O R D E R**

DiFalco's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiring to possess with intent to distribute fifty grams or more of methamphetamine, for which offense he is imprisoned for 240 months. Among other claims,[1] DiFalco alleges that his trial counsel failed to follow his directive to appeal.  The United States admits that the motion is timely, that the motion warrants relief, and that DiFalco is entitled to a delayed appeal.  (Response at 4, Doc. 6)

---

[1] As *McIver v. United States*, 307 F.3d 1327, 1331, n.2 (11th Cir. 2002), suggests, whether DiFalco is entitled to a delayed appeal warrants resolution before DiFalco's other claims are addressed.  Permitting a delayed appeal preserves DiFalco's other claims for possible review in a future Section 2255 motion to vacate based on the new judgment.

DiFalco alleges that his trial counsel was ineffective for failing to appeal. As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

DiFalco's claim that his defense counsel rendered ineffective assistance by failing to appeal is governed by *Strickland*. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000); *Thompson v. United States*, 481 F.3d 1297 (2007).

*Flores-Ortega* identifies three situations involving counsel's alleged failure to protect the client's appellate rights, specifically (1) counsel fails to file an appeal even though the defendant unquestionably expresses his desire to appeal,[2] (2) the defendant faults counsel for not appealing even though the defendant stated that he

---

[2] *Roe v. Flores-Ortega*, 528 U.S. at 477 ("[A] defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.").

did not want an appeal,[3] and (3) the defendant's desire to appeal is not clearly expressed.[4] DiFalco's motion to vacate presents the first situation identified in *Flores-Ortega*, which is that counsel failed to file an appeal even though DiFalco unquestionably expressed his desire to appeal. DiFalco alleges that after sentencing but within the deadline for an appeal he sent a certified letter to his trial counsel, which letter directs counsel to appeal. Following service of the Section 2255 motion the United States contacted DiFalco's trial counsel, who verifies that, after checking his file, he realized "that he had, in fact, received such a letter from DiFalco" and that he never appealed. Consequently, based on both DiFalco's allegation and defense counsel's admission that DiFalco's request to appeal was not honored, defense counsel's failure to file a notice of appeal was deficient performance.

A petitioner shows a denial of the effective assistance of counsel if he proves that counsel's deficient performance caused him to lose his right to an appeal. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe v. Flores-Ortega*, 528 U.S. at 484. Defense counsel's admission that DiFalco unquestionably

---

[3] *Roe v. Flores-Ortega*, 528 U.S. at 477. ("At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.").

[4] *Roe v. Flores-Ortega*, 528 U.S. at 477 ("Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?").

expressed his desire to appeal shows that DiFalco was deprived "of an appeal that he otherwise would have taken."

## RE-SENTENCING

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), explains that the proper procedure is to vacate the sentence originally imposed and re-impose the same sentence, from which DiFalco may appeal.

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days . . . .

A sentencing hearing is not necessary and DiFalco's presence is not required. *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2002) ("[T]he district court did not err by re-sentencing Parrish without holding a hearing. Under *Phillips*, the district court was required to re-sentence Parrish to the same sentence originally imposed, and was not required to hold a re-sentencing hearing.").

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **GRANTED**. The judgment entered in the criminal case (Doc. 68 in 8:13-cr-72) is **VACATED**. The matter is referred to the United States Magistrate Judge for the

appointment of counsel.  After counsel files a notice of appearance, the district court will re-impose the sentence and enter a new judgment in the criminal case in accord with *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), and *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005).  DiFalco's new counsel must timely file a notice of appeal from the new judgment in the criminal case.  The clerk must enter a judgment for DiFalco for the civil action and close the civil case.

      ORDERED in Tampa, Florida, on December 1, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE